**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| OUMER SALIM, *on behalf of himself and others similarly situated,* | § § § | |
| Plaintiff, | § § | |
| vs. | § § | Civil Action No: 4:18-cv-00730 |
| JPAY, INC., | § § | |
| Defendant, | § § | |

**PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT AND INCORPORATED MEMORANDUM IN SUPPORT**

## I.      INTRODUCTION

On April 17, 2018, Plaintiff Oumer Salim ("Plaintiff" or "Settlement Class Representative") and Defendant JPay, Inc., ("Defendant" and together with Plaintiff, the "Parties"), reached a settlement (the "Settlement") during the course of a putative class arbitration which seeks to resolve all claims in the above-captioned action (the "Lawsuit"). Pursuant to the terms set forth in the Parties' Class Action Stipulation of Settlement (the "Settlement Agreement") (Exhibit 1 attached hereto), Plaintiff now respectfully asks the Court to enter an order, in substantially similar form to Exhibit 2 attached hereto, provisionally certifying the Settlement Class (defined below and also referred to as "Class") for Settlement purposes only, preliminarily approving the Settlement, directing that notice of the Settlement be disseminated to members of the Settlement Class ("Settlement Class Members" or "Class Members") in the form and manner proposed therein, scheduling a Final Approval Hearing to consider whether the Settlement should be finally approved, and staying all further proceedings in the Lawsuit.

Preliminary approval of the proposed Settlement is warranted. Judicial policy favors pretrial settlements. *Cotton v. Hinton,* 559 F.2d 1326, 1331 (5th Cir. 1977) ("Particularly in class action suits, there is an overriding public interest in favor of settlement. . . ."); *Jones v. Singing River Health Services Foundation,* 865 F.3d 285, 300 (5th Cir. 2017) ("The quality and experience of the lawyering is thus 'something of a proxy for both 'trustworthiness' and 'reasonableness'—that is, if experienced counsel reached this settlement, the court may trust that the terms are reasonable . . .") (citing NEWBERG ON CLASS ACTIONS, § 13:53 (5th ed.)); *In re Deepwater Horizon,* 739 F.3d 790, 807 (5th Cir. 2014) (recognizing the overriding public interest in favor of settlements in class actions); *Turner v. Murphy Oil USA, Inc.,* 472 F.Supp.2d 830, 843 (E.D. La. 2007) ("there is a 'strong judicial policy favoring the resolution of disputes through settlement' and that a presumption is made in favor of the settlement's fairness, absent contrary evidence.") (quoting *Smith v. Crystian,* 91 F. App'x 953, 955 (5th Cir. 2004)); *Klein v. O'Neal, Inc.,* 705 F.Supp. 2d 632, 650 (N.D. Tex. 2010) ("Thus courts are to adhere to a strong presumption that an arms-length class action settlement is fair . . .").

This Settlement is fair.  JPay has agreed to issue each Class Member a transferable video visitation credit, as well as establish a process through which purchasers can report any future issues with video visits to obtain a credit. These valuable benefits squarely address the issues raised in the Lawsuit (shortened video visit time) and provide significant relief to the Settlement Class Members. In fact, the Settlement provides the Class Members with exactly what they allege they have lost, *i.e.,* video visitation time, and provides a method to ensure they do not lose it again.  Said differently, the transferable video visitation credit therefore makes the Settlement Class Members whole.  In addition, the transferable nature of the video visitation credit also allows Settlement Class Members to sell or gift these credits. The Settlement compares favorably

with settlements in similar litigation and was reached during an arm's length arbitration. Accordingly, Plaintiff respectfully submits that the Court should approve the terms and conditions of the Settlement and provide for notice to the Settlement Class.

## II. OVERVIEW OF PLAINTIFF'S CLAIMS, THE LITIGATION, AND THE ARBITRATION

This Lawsuit was filed as a class action against JPay for breach of express warranty; violation of the New York Deceptive Trade Practices Law GBL § 349; breach of contract, including covenant of good faith and fair dealing; unjust enrichment; unconscionability; and entitlement to injunctive relief. JPay provides Video Visitation services between prison inmates and their family members or friends that allow them to place video calls to each other. JPay charges for video visitations in 30-minute increments. This case is based upon consumer complaints alleging that Video Visitation sessions did not always last for the full 30-minutes paid for by the consumer.

On December 1, 2015, Plaintiff filed a Demand for Class Arbitration ("Demand"), on his own behalf and on behalf of all others similarly situated, with the American Arbitration Association (the "AAA"), in AAA Case No. 01-15-0005-8277. After litigation in the Southern District of Florida (which included an appeal denied for lack of jurisdiction), a pending and fully briefed appeal in the Eleventh Circuit (that has been stayed by party agreement and Court approval to facilitate this Settlement process), multiple hearings before the arbitration panel, and following the exchange of extensive discovery in the arbitration, the parties entered into the Settlement Agreement on or about April 17, 2018. The Arbitration Panel has not yet certified a class. Based upon the discovery exchanged and through negotiations of counsel, the parties have come to a Settlement Agreement that they believe adequately compensates the Class defined in the Settlement Agreement. The Parties have agreed to resolve the claims asserted in the Demand

in their entirety and have reached a tentative settlement, subject to this Court's approval.  The

Parties seek Court approval of their Settlement (as opposed to arbitrator approval) in light of the

uncertainty inherent in an arbitrator's authority to settle class claims. See e.g., *Oxford Health*

*Plans LLC v. Sutter*, 569 U.S. 564, 574–75, (2013) (Alito, J., concurring) (joined by Justice

Thomas) ("Accordingly . . . it is difficult to see how an arbitrator's decision to conduct class

proceedings could bind absent class members who have not authorized the arbitrator to decide on

a class wide basis which arbitration procedures are to be used.").

### III.  THE PROPOSED SETTLEMENT

#### a.  Proposed Settlement Class

      i.  For the purposes of this Stipulation of Settlement, "Claimant Class"
or "Class Member" is defined as the following:   All natural persons
who, between December 1, 2009 and  the date the Court grants
preliminary approval of this Settlement, paid a fee to JPay for a 30-
minute Video Visitation session and received less than a 30-minute
session, for any reason.   Excluded  from the Claimant Class are JPay's
officers, directors, affiliates, legal representatives, employees, successors,
subsidiaries, and assigns.  Also excluded from the Claimant Class is any
judge, justice,  judicial officer or arbiter presiding over this matter and
the members of their immediate families  and judicial staffs.

     ii.  The "Settlement Class" is all members of the Claimant Class who fail to
timely and  properly opt out of the Settlement provided by this Stipulation
of Settlement.

iii. The "Settlement Period" shall be defined as the period from, and including, December 1, 2009, through the date this Court grants final approval of this Stipulation of Settlement. The Parties request that the Court, in its preliminary approval of this settlement, enjoin members of the Claimant Class from initiating or prosecuting any proceeding on any claim to be released unless and until the members of the Claimant Class have opted out of the class in the manner to be ordered. The Settlement Class is barred from asserting any claims released herein.

b. **Proposed Settlement Terms**

The Settlement provides compensatory relief in the form of Transferrable Video Visitation Credit(s). This valuable benefit made available pursuant to the Settlement squarely addresses the issues raised in the Lawsuit and provides relief to the Settlement Class Members a follows:

i. <u>Settlement Relief.</u> Each Class Member, following submission of a timely, sworn to, and proper Claim Form, as set forth below, shall be entitled to one (1) Transferrable Video Visitation Credit. The Transferrable Video Visitation Credit shall expire sixty (60) days after it has been sent out by JPay via electronic mail to the email address JPay has in its record for such Class Member. Further, after final approval of this Stipulation of Settlement, JPay will ensure there is a method for consumers to receive a reasonable credit for additional video visitation time, if in good faith, JPay is notified within twenty-four (24) hours by that consumer of his or her video visit, that, as a result of JPay's system, he or she did not receive the

full thirty (30) minute video visitation session they paid for.  Once JPay issues this reasonable credit, it will make reasonable commercial efforts to notify the consumer by phone or email that such credit has been issued.

**c.  <u>Other Key Provisions</u>**

    i.  <u>Attorneys' Fees and Costs</u>:  Defendant agreed to pay attorneys' fees and costs to Class Counsel in the amount of TWO HUNDRED AND TWENTY-THREE   THOUSAND   DOLLARS   ($223,000.00)   to compensate and reimburse Class Counsel for all of the work already performed by Class Counsel in this case and all of the work remaining to be performed by Class Counsel in negotiating and obtaining this Stipulation of Settlement, securing Court approval of the Settlement, administering the Settlement,  making sure that the Settlement is fairly administered and implemented, and obtaining dismissal of the action.   Defendant has agreed not to oppose this request.

    ii.  <u>Enhancement Awards</u>:   Class Counsel requests that named Plaintiff, Oumer Salim be provided an enhancement award in an amount not to exceed $2,000.00 in consideration for serving as a Class Representative.   Defendant has agreed not to oppose this request.

    iii.  <u>Claims Administrator</u>:  The Parties agree that a Claims Administrator is not necessary for this case because JPay has all of the requisite information for Notice and administration, and Class Counsel can easily oversee the implementation of this Settlement process.

**d.** <u>**Notice to the Claimant Class**</u>

    i. The Parties agree that, within thirty-five (35) business days of the later of (i) preliminary Court approval of the terms and conditions of this Stipulation of Settlement, or (ii) Court approval of the Settlement notice to the Claimant Class, JPay will send via email, to the email addresses on file with JPay, the Court-approved Notice, Claim form, and Request for Exclusion form ("Notice Packet"). The Parties have attached agreed-to versions of these forms to Exhibit 1 (the Parties' Settlement Agreement).

**e.** <u>**Claim Process**</u>

    i. The Parties agree that Class Members will have thirty (30) days from the date the Notice Packets are emailed by JPay to postmark or email back to JPay's Counsel their Claim Forms, Objections, and/or Requests for Exclusion. The Parties agree that if an email is returned as undeliverable, JPay shall not be required to mail hard copies of any notice forms or otherwise be required to contact the Class Member.

    ii. <u>Procedure for Objections to Settlement</u>. The proposed Notice provides that Class Members who wish to object to the Settlement must file with the Court and serve on Class Counsel and Defendant's Counsel a written statement objecting to the settlement, no later than thirty (30) days after the Notice is first emailed (the "Objection Deadline Date"). The Parties have proposed and included in the draft Notice that no Class Member shall be entitled to be heard at the Final Approval Hearing (whether individually or through separate counsel) or to object to the Settlement,

and no written objections or briefs submitted by any Class  Member shall be received or considered by the Court at the Final Approval Hearing, unless written  notice of the Class Member's intention to appear at the Final Approval Hearing, and copies of any  written objections or briefs, have been filed with the Court, and served on Class Counsel and Defendant's counsel on or before the Objection Deadline Date. Class Members who fail to file  and serve timely written objections in the manner specified above shall be deemed to have waived  any objections and shall forever be foreclosed from making any objection (whether by appeal or  otherwise) to the settlement, or any aspect of the settlement, including without limitation the  fairness, reasonableness, or adequacy of the proposed settlement, or any award of attorneys' fees  or reimbursement of costs and expenses.

iii.  <u>Procedure for Opt-Outs from Settlement Class.</u>   The proposed Notice also provides that Class  Members who wish to opt out from the Settlement must submit to JPay and Class Counsel a  Request for Exclusion Form. It further provides that such a Request for Exclusion Form must be submitted to JPay and  Class Counsel no later than thirty (30) days after the Notice is first emailed (the "Opt-Out Deadline Date"), and that no Class Member shall be deemed to have opted out of the Settlement Class unless such  Request for Exclusion Form has been submitted to both JPay and Class Counsel on or before the  Opt-Out Deadline Date. Finally, the Notice provides that Class Members who fail to submit

such Request for Exclusion Forms in  the manner specified above shall be deemed to be a member of the Settlement Class and be subject  to all terms contained in the court approved Settlement terms.

iv.  <u>Certification of Non-Release of Claim</u>.   The proposed Claim Form includes within it an  acknowledgement that the Class Member did not previously enter into an  individual (non-class  action) Settlement agreement with  a  general  release  with  JPay.  Class  Members  who previously  entered into a signed agreement releasing claims against JPay are ineligible to recover from  the Settlement Fund.   Pursuant to the Parties'  agreement,  Class  Members  who  attest  that  they  are  not excluded on these grounds, and  otherwise are eligible to recover, will be allowed to recover from the Settlement.   The proposed Settlement also provides that:

1.  within twenty five (25) business days of receipt by JPay of each timely-submitted  and  sworn  to  Claim  Form,  JPay  will  send  a deficiency  notice  to  the  Class  Members  for  any  irregularities in the completed Claim Form, if applicable. The deficiency notice will provide the  Class Members no more than twenty (20) days from the mailing of the deficiency notice to email  or postmark a written  response  to  cure  all  deficiencies  ("Deficiency  Cure Deadline").  The failure  of a Class Member to timely submit a Claim  Form  under  penalty  of  perjury,  or  timely  submit  a response to any deficiency notice, shall invalidate a claim and will

not be considered deficiencies  subject to cure, unless counsel for both parties stipulate to allow cure.

2.  All original Claim Forms shall be emailed or mailed directly to  JPay  at the  addresses indicated on the Claim Form.

3.  Within thirty (30) business days after the Objection Deadline Date or the last Deficiency Cure Deadline (whichever is later), JPay will certify to Class Counsel which claims  were timely filed, which Class Members opted out, and which Class Members will be included in  the Settlement Class and issued a Transferable Video Visitation Credit ("Report Deadline").

4.  Any Class Member who does not timely submit a Claim Form or Request for Exclusion Form, or timely cure a deficiency, shall be included in the Settlement Class, but shall not be entitled to any further relief.

5.  Within forty-five (45) business days of final approval of the Settlement from the Court, JPay shall be responsible for issuing the Transferable Video Visitation Credit via email to the Settlement Class with instructions on how to redeem and/or transfer the Transferable Video  Visitation Credit.   This communication will be through the email account associated with the Settlement Class Member's JPay account. The parties agree that it is the Settlement Class Member's duty to keep their email account updated with JPay.   Consequently, if an

email is returned as undeliverable, JPay shall not be required to mail hard copies notifying the Settlement Class Member of the Transferable Video Visitation Credit or otherwise be required to contact the Settlement Class Member.

v.  JPay retains the right, in the exercise of its sole discretion, to nullify the Settlement within thirty (30) days of expiration of the Opt-Out Deadline Date, if ten percent (10%) or more of the Class Members opt out of the Settlement. All signatories to this Stipulation of Settlement and their counsel agree that they will not encourage opt-outs, directly or indirectly, through any means. Objective statements to Class Members who call Class Counsel with inquiries regarding the Settlement shall not be deemed in violation of the prohibitions contained herein. In the event of such a rescission, the Parties agree that no party may use the fact that the Parties agree to settle this case as evidence of JPay's liability in this Lawsuit or the lack thereof or for any other purpose, including but not limited to, in support of class treatment.

vi.  If Defendant elects to nullify the Settlement pursuant to the forgoing paragraph, the Parties agree that they will return to the status quo before the filing of the case pending before this Court.

## IV.    THE PROPOSED SETTLEMENT WARRANTS PRELIMINARY APPROVAL

### a.  <u>Applicable Legal Standard for Approval of a Settlement</u>

Rule 23(e) of the Federal Rules of Civil Procedure requires judicial approval of the compromise of claims brought on a class basis. Approval of a class action settlement involves a

two-step process. At the first stage, the parties submit the proposed terms of settlement to the court for a preliminary fairness evaluation. *See* FED. R. CIV. P. 23(c)(3),(e)(1),(e)(5), *see also* Manual for Complex Litigation, § 21.632 (4th ed. 2004) (hereinafter "MCL 4th"); 4 Alba Conte & Herbert Newberg, NEWBERG ON CLASS ACTIONS § 11:25, at 38-39 (4th ed. 2002) (hereinafter "NEWBERG ON CLASS ACTIONS") (endorsing two-step process). If the proposed settlement is preliminarily acceptable, the court then directs that notice be provided to all class members who would be bound by the proposed settlement in order to afford them an opportunity to be heard, object to, or opt out of the settlement. At the second stage, after class members are notified of the settlement, the court holds a final approval hearing.[1] *Id.*

At this time, Plaintiff requests only that this Court grant preliminary approval. A court's review of preliminary approval is less stringent than during final approval. *See McNamara v. Bre-X Minerals Ltd.,* 214 F.R.D. 424, 427-30 (E.D. Tex. 2002); MCL 4th § 21.63 (2004) ("At the stage of preliminary approval, the questions are simpler, and the court is not expected to, and probably should not, engage in analysis as rigorous as is appropriate for final approval.") At the preliminary approval stage, there need not be a definitive adjudication on the fairness of the proposed settlement; rather, the "preliminary fairness evaluation is at most a determination that there is what might be termed 'probable cause' to submit the proposal to class members and hold a full-scale hearing as to its fairness." *Del Carmen v. R.A. Rogers, Inc.,* 2018 WL 4701824, *6 (W.D. Tex. April 25, 2018) *adopted,* 2018 WL 4688774 (W.D. Tex. June 13, 2018); *McNamara,*

---

[1] The fairness, reasonableness, and adequacy of the settlement are assessed in the second step of the process at a final hearing, after settlement class members have had an opportunity to opt out from or object to the settlement. In the Fifth Circuit, the factors considered for final approval of a class settlement include: (1) whether the settlement was a product of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the factual and legal obstacles to prevailing on the merits; (5) the possible range of recovery and certainty of establishing damages; and (6) the respective opinions of the participants, including class counsel, class representative, and the absent class members. *See Reed v. Gen. Motors Corp.,* 703 F.2d 170, 172 (5th Cir. 1983).

214 F.R.D at 427-28 (distinguishing between the level of scrutiny required during the preliminary approval and final approval stage); *DeHoyos v. Allstate Corp.*, 2006 WL 2329417 (W.D. Tex. June 2, 2006) (granting preliminary approval of class settlement subject to further probing consideration at a final fairness hearing).

In determining whether preliminary approval is warranted, the sole issue before the Court is whether the proposed settlement discloses grounds to doubt its fairness or other obvious deficiencies such as unduly preferential treatment of class representatives or segments of the class, or excessive compensation of attorneys, and whether it appears to fall within the range of possible approval. *McNamara,* 214 F.R.D at 430; *In re Pool Prods. Distrib. Mkt. Antitrust Litig.,* 310 F.R.D. 300, 314-315 (E.D. La. 2015) ("If the proposed settlement discloses no reason to doubt its fairness, has no obvious deficiencies, does not improperly grant preferential treatment . . . does not grant excessive compensation to attorneys, and appears to fall within the range of possible approval, the court should grant preliminary approval.") (citations omitted); *see also* MCL 4th § 21.633.

Here, as explained below, there are no grounds to doubt the fairness of the proposed Settlement, and Plaintiff, without opposition from Defendant, respectfully requests that this Court preliminarily approve the proposed Settlement.

### b.  **The Proposed Settlement Satisfies the Standards for Preliminary Approval**

Here, the proposed Settlement easily warrants preliminary approval.  The Settlement is the result of arm's-length negotiations between experienced counsel after discovery was exchanged between the parties.  The recovery equitably and substantially compensates Settlement Class Members for the losses incurred, particularly when weighed against the risks, uncertainties, and delays of further litigation.

The Settlement resulted from arm's length negotiations between experienced counsel with an understanding of the strengths and weaknesses of their respective positions in this Lawsuit after a discovery period in arbitration.  These circumstances weigh in favor of approval whether a settlement arises from arm's length negotiations is a key factor in deciding whether to grant preliminary approval. *McNamara,* 214 F.R.D at 430-31 (preliminary approval warranted where settlement was the result of substantial negotiation between counsel who were experienced and familiar with the factual and legal issues of the case); *Lane v. Campus Federal Credit Union,* 2017 WL 3719976, *7 (M.D. La. May 16, 2017) (recognizing the fairness of proposed settlement where settlement was negotiated at arm's length between experienced counsel and noting that the judgment of competent counsel should be given significant weight); *see also* NEWBERG ON CLASS ACTIONS § 11:41 (noting that courts usually adopt "an initial presumption of fairness when a proposed class settlement, which was negotiated at arm's length by counsel for the class, is presented for court approval").   Such is the case here.

The Parties in this case have engaged in over two years of arbitration proceedings through the AAA, years of litigation before the federal courts in Florida that included two appearances before the Eleventh Circuit.  The Parties negotiated this Settlement before all the legal issues in the federal courts have been settled, but after the exchange of much discovery in the arbitration proceeding where substantial documentation regarding the claims in this case were exchanged. *See In re 2014 Radioshack ERISA Litig.*, 2016 WL 6561597, *2 (N.D. Tex. January 25, 2016) (preliminary approval warranted when settlement was reached after counsel conducted appropriate investigation and discovery regarding merits of plaintiffs' claims).  Proposed Class Counsel who has approved the Settlement Agreement is experienced and respected class action litigators.  The Parties spent significant time negotiating the terms of the

final written Settlement Agreement which is now presented to the Court for approval. At all times, these negotiations were at arm's length and, while courteous and professional, the negotiations were intense and hard-fought on all sides.

Proposed Class Counsel's work crystallized the relevant facts and issues in the case, enabled Class Counsel to effectively value the Parties' respective positions in the Lawsuit, and verified the fairness, adequacy, and reasonableness of the Settlement. The significant legal challenges for each side, should the litigation continue, support preliminary approval of the proposed Settlement. Further, the Settlement avoids the time, expense, and delay inherent in continued litigation. Accordingly, these factors also favor preliminary approval.

Further, the benefits provided by this Settlement accurately compensate for the losses suffered by Settlement Class Members. The Transferrable Video Visitation credits offered under the Settlement are targeted, valuable, in-kind compensation that directly addresses the losses suffered. Additionally, the Settlement provides that JPay will implement a procedure to report future instances of inappropriately shortened Video Visitation sessions and receive a reasonable credit for additional time. Proposed Class Counsel does not expect to encounter a high degree of opposition to the Settlement because of the tailored nature of the compensation offered.

In contrast, if the Lawsuit were to continue, Plaintiff and the Settlement Class would face a number of difficult challenges, including surviving a motion to dismiss, obtaining class certification, and maintaining certification through trial and likely motions for summary judgment. Furthermore, the pending appeal and related federal court litigation represents an existential threat to the continued viability of the arbitration claims. Thus, absent a Settlement, Plaintiff faces serious obstacles in this Lawsuit. This is another indication that the proposed Settlement is fair, reasonable, and adequate and should be approved. *See Shaw v. Toshiba Am.*

*Information Sys., Inc.,* 91 F.Supp. 2d 942, 959 (E.D. Tex. 2000) (approval of Settlement warranted in light of the uncertainty concerning the litigation's outcome and to avoid wasteful litigation and expense) (citing *In re Corrugated Container Antitrust Litig.,* 643 F.2d 195, 212 (5th Cir. 1981)); *DeHoyos v. Allstate Corp.,* 240 F.R.D. 269, 290 (W.D. Tex. 2007) (settlement approval was appropriate where plaintiffs faced significant challenges on the merits as well as obtaining class certification outside of the settlement context).

Consequently, the Court should grant preliminary approval of the Settlement.

### c.   <u>The Court Should Provisionally Certify the Settlement Class</u>

Class actions certified in conjunction with settlements are well recognized. *See Del Carmen,* 2018 WL 4701824, *2 (stating that at the preliminary approval stage, "courts must peruse the proposed compromise to ratify both the propriety of certification and the fairness of settlement."); *In re Pool Products Distrib. Mrkt. Antitrust Litig.,* 310 F.R.D. 300 (E.D. La. 2015) (noting that parties stipulated to certification of a settlement class when moving for preliminary approval of settlement). The Court must consider whether the Settlement Class proposed is appropriate under FED. R. CIV. P. 23. *See Amchem Prods. v. Windsor,* 521 U.S. 591, 620 (1997); *Lane,* 2017 WL 3719976, *3 ("The certification requirements of Rule 23 generally apply when certification is for Settlement purposes."). The *Manual for Complex Litigation (Fourth)* advises that in cases presented for both preliminary approval and class certification, the "judge should make a preliminary determination that the proposed class satisfies the criteria set out in Rule 23(a) and at least one of the subsections of Rule 23(b)." MCL 4th, § 21.632.

Under Rule 23, Plaintiff must demonstrate that: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defense of the

class; and (4) the representative parties will fairly and adequately protect the interests of the

class.  While courts must conduct a "rigorous analysis" to determine whether the elements of

Rule 23 have been satisfied, *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011), Rule 23 is

not a "license to engage in free-ranging merits inquiries at the class certification stage." *Amgen*

*Inc. v. Conn. Ret. Plans and Trust Funds*, 568 U.S. 455, 465-66 (2013).  Further, when a court

is "[c]onfronted with a request for settlement-only class certification, a district court need not

inquire whether the case, if tried, would present intractable management problems . . . for the

proposal is that there be no trial." *Amchem*, 521 U.S. at 620. FED. R. CIV. P. Rule 23(b)(3)

requires that "questions of law or fact common to class members predominate over any

questions affecting only individual members, and that a class action is superior to other

available methods for fairly and efficiently adjudicating the controversy." FED. R. CIV. P.

23(b)(3).  Under the rigorous analysis standard, the Settlement easily meets each of the

requirements of Rule 23(a) and Rule 23(b)(3) for the proposed Settlement Class.

i.   The Class is Sufficiently Numerous

Rule 23(a)(1) requires that a class be "so numerous that their joinder before the Court

would be impracticable." *Del Carmen,* 2018 WL 4701824, *2; *Shaw,* 91 F.Supp. 2d at 954 ("It

need not be impossible to join all class members, only difficult and inconvenient to do so.")  In

the Fifth Circuit, an excess of 150 class members "generally satisfies the numerosity

requirement." *Mullen v. Treasure Chest Casino, LLC,* 186 F.3d 620, 624 (5th Cir. 1999)  The

numerosity requirement is easily met here because, according to JPay's records, the Class

consists of thousands of persons.  Class Members are also dispersed throughout the United

States. *Zeidman v. J. Ray. McDermott & Co.,* 651 F.2d 1030, 1038 (5th Cir. 1981) ("[T]he

geographic dispersion of the class" should also be considered) (noting difficulty in joining class

members who reside in multiple states).  Additionally, due to the small monetary value of each individual claim, it is exceedingly unlikely that class members would be able to prosecute individual lawsuits. *Id.* There can be no dispute, therefore, that the proposed Class meets the numerosity requirement.

### ii.   Common Questions of Law or Fact Exist

Rule 23(a)(2) requires a showing of the existence of "questions of law or fact common to the class."  A finding of commonality "is not demanding" and does not require that all class members share identical claims.  *Shaw,* 91 F.Supp.2d at 954; *DeHoyos,* 240 F.RD. at 280 (finding commonality satisfied where "class members are allegedly affected by a defendant's general policy and the general policy . . . is the crux or focus of the litigation."). Indeed, the commonality element requires only that "there is at least one issue, the resolution of which will affect all or a significant number of the putative class members." *Id.* (citing *Mullen,* 186 F.3d at 625)).  Applying these principles, it is evident that the commonality requirement of Rule 23(a)(2) is easily met in this case.  Here, the central issues posed by this Litigation are: (1) whether Defendant provided less than thirty (30) minutes of video time for each thirty (30) minute session paid for by Plaintiff and Class Members; (2) whether Defendant breached various duties owed to Plaintiff and Class Members; and (3) whether Plaintiff and Class Members were injured by Defendant's actions. These are common questions with common proof that can be answered on a Class-wide basis. Given the presence of these common questions central to the Litigation, Rule 23(a)(2)'s requirements for the existence of common questions of fact or law are met.

### iii.   Plaintiff's Claims are Typical of Those of the Settlement Class

Rule 23(a)(3) requires that the class representatives' claims be "typical of the claims . . . of the class."  Typicality is generally satisfied when the "named plaintiffs' claims for relief arise

from the same common nucleus of operative facts as the claims of the absent class members."
*See Mullen,* 186 F.3d at 625. Typicality "in the settlement context requires proof that the
interests of the class representatives and the class are commonly held for purposes of receiving
similar or overlapping benefits from a settlement." *DeHoyos,* 240 F.RD. at 281. "The typicality
criterion focuses on whether there exists a relationship between the plaintiff's claims and the
claims alleged on behalf of the class." NEWBERG ON CLASS ACTIONS § 3:13.  In the case at bar,
Plaintiff has claims not only similar, but virtually identical, to members of the Settlement Class.
Indeed, Plaintiff's claims and each of the Class Members' claims are predicated on the same
alleged conduct by JPay – delivering less than the full thirty (30) minute Video Visitation
sessions paid for by Plaintiff and Class Members.  Plaintiff purchased thirty (30) minute Video
Visitation sessions from JPay in order to communicate with an incarcerated individual.  Those
sessions did not last the full thirty (30) minutes.  JPay's liability for the shortened sessions and
the resulting damage to each Settlement Class Member does not depend on the individualized
circumstances of Class Members. Rather, Plaintiff's Complaint alleges that JPay's conduct
related to failure to deliver Video Visitation sessions as promised was unlawful and gives rise to
liability as to all persons who, like Plaintiff, had their sessions shortened.  In order to prevail,
therefore, Plaintiff and each Class Member will be required to make the same factual
presentation and legal argument with respect to the common questions of liability.

The common issues necessarily share "the same degree of certainty" to Plaintiff's claims,
such that, in litigating the liability issues, Plaintiff reasonably can be expected to advance the
interests of all Class Members in a favorable determination with respect to each such issue.
*Dukes*, 564 U.S. 338 at 389 n.5 (noting that the typicality requirement serves to ensure the

Plaintiffs' claims and class claims "are so interrelated that the interests of the class members will be fairly and adequately protected in their absence.").

Accordingly, the typicality requirement is satisfied.

    iv.  <u>Plaintiff Will Adequately Protect the Interests of the Settlement Class</u>

Rule 23(a)(4)'s adequacy prong requires that "the representative parties will fairly and adequately protect the interests of the class."  The Fifth Circuit consistently has ruled that adequate representation depends on two factors:

(a)    the Plaintiff's attorney must be qualified, experienced and generally able to conduct the proposed litigation; and

(b)    the Plaintiff must not have interests antagonistic to those of the class.

*See Mullen,* 186 F.3d at 625-26; *Langebecker v. Electrictronic Data Sys. Corp.,* 476 F.3d 299 (5th Cir. 2007); *Berger v. Compaq Computer Corp.,* 257 F.3d 475, 479-80 (5th Cir. 2001); *Jenkins v. Raymark Indus., Inc.,* 109 F.R.D. 269, 273 (E.D. Tex. 1985), *aff'd* 782 F.2d 468 (5th Cir. 1986).  These two components are designed to ensure that class members' interests are fully pursued.

    *1.  The Class Has Been More Than Adequately Represented by Proposed Class Counsel.*

Plaintiff has selected and retained as counsel for the Settlement Class, Bruce W. Steckler and R. Dean Gresham of Steckler Gresham Cochran PLLC (collectively, "Proposed Class Counsel").  This firm and these attorneys possess extensive experience prosecuting class actions, particularly consumer protection cases, throughout the nation.  Proposed Class Counsel and their firm are greatly experienced in litigating and resolving consumer class actions and have developed a strong understanding of the strengths and weaknesses present in such cases and what type of Settlement might be fair, reasonable, and adequate under the circumstances.

Proposed Class Counsel thoroughly investigated and analyzed the facts and circumstances relevant to the claims brought by Plaintiff in this case. The Parties exchanged a substantial amount of information through the arbitration discovery process.  Defendant was forthcoming with information related to the Video Visitations.  The information shared through this process provided a sound basis that allowed the Parties to weigh the terms of the Settlement against the risks of continued litigation.  In addition, the terms of the Settlement are favorable to the Class and meet the demands in the live demand for arbitration.

> v.   *The Class Representative's Interests Are Not Antagonistic to Those of the Class*

There is nothing to suggest that Plaintiff has interests antagonistic to those of the Settlement Class.  *See In re Corrugated Container Antitrust Litig.,* 643 F.2d at 208 (finding a sufficient alignment of interests between plaintiffs and the class exists where all "are united in asserting a common right, such as achieving the maximum possible recovery for the class."). Here, Plaintiff and the Settlement Class are equally interested in proving the case as alleged in Plaintiff's Original Demand for Class Arbitration and desire the same outcome in this Lawsuit, namely to retrieve the best possible relief from the Defendant.  Indeed, Plaintiff's claims coincide identically with the claims of the Settlement Class. Because of this, Plaintiff has vigorously prosecuted this case for the benefit of all members of the Settlement Class. There is no conflict or any antagonism between Plaintiff and the Settlement Class. Accordingly, Plaintiff has the ability and incentive to represent the claims of the Settlement Class vigorously.

Having demonstrated that each of the requirements of Rule 23(a) are satisfied, Plaintiff now turns to consideration of the factors which justify class treatment under Rule 23(b)(3).

vi. <u>The Settlement Class Satisfies the Predominance and Superiority Requirements of Rule 23(b)(3)</u>

Certification is appropriate under Rule 23(b) when common questions of law or fact predominate over any individual questions and a class action is superior to other available means of adjudication. *Amchem,* 521 U.S. at 591-94. These requirements are satisfied in this case.

*1. Common Questions of Law or Fact Predominate*

Under Rule 23(b)(3), class certification is appropriate if "the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." FED. R. CIV. P. 23(b)(3). In analyzing the predominance factor, the Supreme Court has defined this inquiry as establishing "whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem*, 521 U.S. at 622. This is satisfied for settlement purposes when "common questions represent a significant aspect of a case and . . . can be resolved for all settlement class members in a single judgment." *See Del Carmen,* 2018 WL 4701824, *4.

Common questions represent a significant aspect of this case. Several case-dispositive questions could be resolved identically for all members of the Settlement Class, such as whether Defendant had a duty to deliver the full thirty (30) minutes of Video Visitation, whether Defendant breached that duty by failing to deliver the full thirty (30) minutes, and whether and to what extent that failure was intentional. The Settlement Class Members' claims for compensatory relief are founded upon common legal theories. Thus, Class Members have an interest in adjudication of the issue of law and fact that predominates this litigation. Accordingly, this prong of Rule 23(b)(3) is satisfied.

2.  *A Class Action is the Superior Method of Adjudicating This Case*

The second prong of Rule 23(b) is satisfied by the proposed Settlement.  As explained in *Amchem*, when "[c]onfronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems . . . for the proposal is that there be no trial." *Amchem*, 521 U.S. at 620 (citing FED. R. CIV. P. 23(b)(3)(D)).  Thus, any manageability problems that may have existed in this case are eliminated by the proposed Settlement.  In addition, the Settlement Agreement renders this class action superior to other potential avenues of recovery for Plaintiff and the Class.  In fact, this case presents a paradigmatic example of a dispute resolution that effectuates the fundamental goals of Rule 23: (1) to promote judicial economy through the efficient resolution of multiple claims in a single action; and (2) to provide persons with smaller claims, who would otherwise be economically precluded from doing so, the opportunity to assert their rights.  *See* Wright, Miller & Kane, Federal Practice & Procedure: Civil 2d § 1754.  At the same time, the Settlement fully preserves the due process rights of each member of the class seeking damages.  Accordingly, Plaintiff respectfully requests that the Court provisionally certify the Settlement Class for settlement purposes.

## V.      THE PROPOSED NOTICE IS THE BEST NOTICE PRACTICABLE

After preliminary approval, Rule 23(e) requires the Court to "direct notice in a reasonable manner to all class members who would be bound by the proposal."  The U.S. Supreme Court has held that notice of a class action settlement must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *see also McNamara,* 214 F.R.D at 427-28 ("The notice must contain an

adequate description of the proceedings written in objective, neutral terms that, insofar as possible, may be understood by the average absentee class member.") (citing *In re Nissan Motor Corp. Antitrust Litig.,* 552 F.2d 1088, 1103 (5th Cir. 1977)).

The Notice Program in the Settlement Agreement is the best notice practicable under the circumstances as required under Rule 23(c)(2)(B).  The Settlement contemplates providing direct notice, along with a Claim Form and Request for Exclusion Form, to the Settlement Class via email, using the email addresses on file with JPay. *See* Exhibits C and D to the Settlement Agreement.  Further, the contents of the Notice advises Settlement Class Members of the essential terms of the Settlement, the rights of Settlement Class Members to share in the recovery, the rights of Settlement Class Members to request exclusion from the Class or to object to the Settlement, and will provide specifics on the date, time and place of the final approval hearing.  Thus, the Notice provides the necessary information for Settlement Class Members to make an informed decision regarding the proposed Settlement. *DeHoyos,* 240 F.R.D. 269, 298-99 (finding proposed notice appropriate where notice provided "sufficient information to allow individuals to determine whether or not they are class members and to evaluate the benefits of the settlement" such that members "with adverse viewpoints [can] come forward and be heard."). The notice also contains information regarding Proposed Class Counsel's fee application and Class Representatives' service awards. Thus, the form and manner of notice proposed under the Settlement fulfill all the requirements of Rule 23 and due process.  Accordingly, the Court should approve the proposed form and manner of notice.

## VI.    PROPOSED SCHEDULE

In connection with the preliminary approval of the Settlement, Plaintiff asks the Court to set a date for the Final Approval Hearing, dates for filing papers relating to final approval and

attorneys' fees, dates for sending notice to the Settlement Class, and deadlines for any requests

for exclusion or objections. Plaintiff proposes the following schedule as set forth in the

Settlement Agreement and proposed Preliminary Approval Order:

| Event | Time for Compliance |
|---|---|
| Notice Date | Thirty-five (35) business days of the later of (i) preliminary court approval of the terms and conditions of the Settlement, or (ii) court approval of the settlement notice to the Claimant Class |
| Exclusion Deadline | Thirty (30) days from the date the Notice Packets are emailed |
| Objection Deadline | Thirty (30) days from the date the Notice Packets are emailed |
| Claims Deadline | Thirty (30) days from the date the Notice Packets are emailed |
| Deficiency Notice Deadline | Twenty-five (25) business days from the date of receipt by JPay of each timely-submitted and sworn to Claim Form |
| Deficiency Cure Deadline | Twenty (20) days from the mailing of the deficiency notice |
| Report Deadline | The later of thirty (30) business days after the Objection Deadline Date or the last Deficiency Cure Deadline |
| Deadline for Class Counsel's Application for Attorneys' Fees and Service Awards for Settlement Class Representatives | Thirty (30) days before the Final Approval Hearing |
| Deadline for Motion in Support of Final Approval of Settlement | Thirty (30) days before the Final Approval Hearing |
| Final Approval Hearing | No earlier than 180 days after entry of the Preliminary Approval Order |
| Deadline to Deliver Transferable Video Visitation Credits to Settlement Class via Email | Forty-five (45) business days after final approval of the settlement |

## VII.    CONCLUSION

For the foregoing reasons, the Court should enter an order (i) provisionally certifying the proposed Settlement Class; (ii) appointing Plaintiff as Settlement Class Representatives of the Settlement Class; (iii) appointing Bruce W. Steckler and R. Dean Gresham of Steckler Gresham Cochran PLLC as "Class Counsel" for the Settlement Class; (iv) preliminarily approving the Settlement of this action; (v) approving the timing, form, content, and manner of the giving of notice of the Settlement to the members of the Settlement Class; and (vi) setting a hearing date for the Final Approval Hearing.

Dated: February 14, 2019                         Respectfully submitted,

                                                **STECKLER GRESHAM COCHRAN PLLC**

                                                */s/ Bruce W. Steckler*
                                                Bruce W. Steckler
                                                Texas Bar No. 00785039
                                                Dean Gresham
                                                Texas Bar No. 24027215
                                                12720 Hillcrest Road – Suite 1045
                                                Dallas, TX 75230
                                                Telephone: 972-387-4040
                                                Facsimile: 972-387-4041
                                                bruce@stecklerlaw.com
                                                dean@stecklerlaw.com

                                                *Counsel for Plaintiff and the Proposed*
                                                *Settlement Class*

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, do hereby certify that on February 14, 2019, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to counsel of record by operation of the Court's electronic filing system.

*/s/ Bruce W. Steckler*
Bruce W. Steckler
