**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS**

| | |
|---|---|
| **OUMER SALIM,** *on behalf of himself and others similarly situated* § § § | |
| **Plaintiff,** § § | |
| vs. § | Civil Action No: 4:18-cv-00730-ALM-KPJ |
| § | |
| **JPAY, INC.,** § § | |
| **Defendant,** § § | |

**ORDER AND REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Class ("Motion for Preliminary Approval") (Dkt. 12). The Court has considered the Motion for Preliminary Approval, the applicable law, and is otherwise fully advised.

Plaintiff Oumer Salim ("Plaintiff" or "Settlement Class Representative") brought this class action against JPay, Inc. ("JPay" or "Defendant") (Defendant and Plaintiff shall be referred to collectively as the "Parties") on October 12, 2018 (Dkt. 1). In the Class Action Complaint ("Complaint") (Dkt. 1), Plaintiff asserts, *inter alia*, claims for breach of express warranty; violation of the New York Deceptive Trade Practices Law, GBL Section 349; breach of contract, including the covenant of good faith and fair dealing; unjust enrichment; unconscionability; and entitlement to injunctive relief. According to the Complaint, JPay provides video conferencing services to prisons throughout the country. Family and friends who would otherwise be unable to visit an incarcerated person can use the service offered through JPay to have a "Video Visitation." JPay charges for these Video Visitation sessions in thirty minute increments. However, Plaintiff has

alleged that complaints from around the country indicate families and friends of inmates contend that video sessions do not last the entire thirty minute session. Plaintiff brings this action on behalf of himself and all natural persons who, after December 1, 2009, paid a fee to JPay for a thirty minute Video Visitation session and allegedly received less than a thirty minute session, for any reason, to recover for JPay's failure to deliver the service as promised and paid for.

The Court has not yet certified a class. Through negotiations of counsel, however, the Parties have come to a settlement agreement that they believe adequately compensates the class. The Parties have agreed to resolve the claims asserted in the Complaint in their entirety and the Parties have reached a tentative settlement, subject to this Court's approval.

The Court, having reviewed the Settlement Agreement and Release,[1] including the exhibits attached thereto (together, the "Settlement Agreement" or "Settlement"), and all prior proceedings herein, and for good cause shown, hereby recommends that Plaintiff's Motion for Preliminary Approval (Dkt. 12) be **GRANTED** as follows:

1. **Class Certification for Settlement Purposes Only.** For settlement purposes only, and pursuant to Federal Rule of Civil Procedure 23(b)(3) and (e), the Court provisionally certifies this class. The "Claimant Class" or "Class Member" is defined as all natural persons who paid a fee to JPay for a thirty minute Video Visitation session and allegedly received less than a thirty minute session for any reason. Excluded from the Claimant Class are JPay's officers, directors, affiliates, legal representatives, employees, successors, subsidiaries, and assigns. Also excluded from the Claimant Class is any judge, justice, judicial officer, or arbiter presiding over this matter and the members of their immediate families and judicial staff.

---

[1] Unless otherwise indicated, capitalized terms used herein have the same meaning as in the Settlement Agreement.

A "Transferrable Video Visitation Session" shall be defined as one video visitation session that entitles the original recipient, or its transferee, to a video conference with an eligible incarcerated individual that can last up to thirty minutes. The Transferrable Video Visitation Session expires sixty days from the date it is sent out by JPay, and can be transferred to any other eligible non-incarcerated individual with a JPay account (though such transfer will not alter the expiration date).

The Court provisionally finds, for settlement purposes only, that:

(a) The "Settlement Class" is all members of the Claimant Class who fail to timely and properly opt out of the Settlement provided by the Settlement Agreement;

(b) the "Settlement Period" shall be defined as the period from, and including, December 1, 2009, through the date this Court grants preliminary approval of this Settlement. Members of the Claimant Class are enjoined from initiating or prosecuting any proceeding on any claim to be released unless and until the members of the Claimant Class have opted out of the class in the manner described below. With respect to the Settlement Period, the Settlement Class is barred from asserting any claims released herein;

(c) there are issues of law and fact common to the Settlement Class;

(d) the claims of the Settlement Class Representative are typical of and arise from the same operative facts and seek similar relief as the claims of the Settlement Class Members;

(e) the Settlement Class Representative and Settlement Class Counsel will fairly and adequately protect the interests of the Settlement Class as the Settlement Class Representative has no interest antagonistic to, or in conflict with, the Settlement Class and has retained experienced and competent counsel to prosecute this matter on behalf of the Settlement Class;

(f) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and (g) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this controversy.

2. **Settlement Class Representatives and Settlement Class Counsel.**  Oumer Salim is hereby provisionally designated and appointed as the Settlement Class Representative. The Court provisionally finds that for settlement purposes, the Settlement Class Representative is similarly situated to absent Class Members and therefore typical of the Class and that he will be an adequate Settlement Class Representative.

The Court finds that the following counsel are experienced and adequate counsel and are hereby provisionally designated as Settlement Class Counsel pursuant to Federal Rule of Civil Procedure 23(g):  Bruce Steckler, Steckler Gresham & Cochran, PLLC.

3. **Preliminary Settlement Approval.**  Upon preliminary review, the Court finds that the proposed Settlement is fair, reasonable, and adequate to warrant providing notice of the Settlement to the Settlement Class and accordingly is preliminarily approved.

4. **Jurisdiction.**  The Court concludes that it has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2), and personal jurisdiction over the Parties before it for the purposes of the Settlement. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391(a).

5. **Final Approval Hearing.**  A Final Approval Hearing shall be held **on September 18, 2019, at 10:00 a.m. at the Plano Courthouse, Courtroom 108, 7940 Preston Road, Plano, Texas 75024**, to determine, among other things, whether: (a) this matter should be finally certified as a class action for settlement purposes pursuant to Federal Rule of Civil Procedure 23(b)(3) and (e); (b) the Settlement should be finally approved as fair, reasonable, and adequate pursuant to Federal Rule of Civil Procedure 23(e); (c) the action should be dismissed with prejudice pursuant

to the terms of the Settlement Agreement; (d) Settlement Class Members shall be bound by the releases set forth in the Settlement Agreement; (e) the motion of Settlement Class Counsel for an award of attorneys' fees, costs, and expenses (the "Fee Request") should be approved pursuant to Federal Rule of Civil Procedure 23(h); and (f) the motion of Settlement Class Representative for a Service Award (the "Service Award Request") should be approved.

Plaintiff's Motion for Final Approval of the Settlement, Service Award Request, and Fee Request shall be filed with the Court at least **twenty-one days prior to the deadline for submission of objections** specified in the Notice. By no later than **ten days prior to the Final Approval Hearing**, the Parties shall file responses, if any, to any objections, and any replies in support of final approval of the Settlement and/or the Service Award Request and Fee Request.

6. **Administration.** The Parties agree that a Claims Administrator is not necessary for this case as JPay and Class Counsel can easily oversee the implementation of this settlement process.

7. **Notice to the Class.** The proposed Notice Program set forth in the Settlement Agreement, and the Notice Form, Opt-Out Form, Claim Form attached to the Settlement Agreement as Exhibits A, B, and C, satisfy the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and (e)(1) and are hereby approved. Non-material modifications to these Exhibits may be made without further order of the Court. JPay and Class Counsel are directed to carry out the Notice Program in conformance with the Settlement Agreement.

Within **thirty-five business days from the date of this Order** (the "Notice Deadline"), JPay and Class Counsel shall initiate the Notice Program, which shall be completed in the manner set forth in the Settlement Agreement.

8. **Findings and Conclusions Concerning Notice.**  The Court finds that the form, content, and method of giving Notice to the Settlement Class as described in Paragraph 7 of this Order and the Settlement Agreement (including the exhibits thereto): (a) constitutes the best practicable Notice to the Settlement Class; (b) are reasonably calculated to apprise Settlement Class Members of the pendency of the action, the terms of the proposed Settlement, and their rights under the proposed Settlement, including but not limited to, their rights to object to or exclude themselves from the proposed Settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Class Members and other persons entitled to receive Notice; and (d) the Court concludes that the Notice Program meets all applicable requirements of law, including Federal Rule of Civil Procedure 23(c) and (e), and the Due Process Clause(s) of the United States Constitution.  The Court further finds that the Notice is written in plain language, uses simple terminology, and is designed to be readily understandable by Class Members.

9. **Class Action Fairness Act Notice.**  Within **twenty business days after the filing of the motion for preliminary approval**, JPay and Class Counsel shall have served or have caused to be served a notice of the proposed Settlement on appropriate officials in accordance with the requirements under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b).

10. **Exclusion from Class.**  Any Settlement Class Member who wishes to be excluded from the Settlement Class must mail a written notification of the intent to exclude himself or herself from the Settlement Class to the address provided in the Notice, postmarked no later than **thirty days after the Notice Deadline** (the "Opt-Out Deadline").  The written notification must include the individual's name and address; a statement that he or she wants to be excluded from the Action; and the individual's signature.

JPay and Class Counsel shall compile copies of all completed opt-out notifications, and a final list of all who have timely and validly excluded themselves from the Settlement Class, which Settlement Class Counsel may move to file under seal with the Court no later than **ten days prior to the Final Approval Hearing**.

Any Settlement Class Member who does not timely and validly exclude herself or himself from the Settlement shall be bound by the terms of the Settlement.  If Final Judgment is entered, any Settlement Class Member who has not submitted a timely, valid written notice of exclusion from the Settlement Class shall be bound by all proceedings, orders, and judgments in this matter, including, but not limited, to the Release set forth in the Final Judgment, including Settlement Class Members who have previously initiated or who subsequently initiate any litigation against any or all of the Released Parties relating to the claims and transactions released in the Settlement Agreement.  All Class Members who submit valid and timely notices of exclusion from the Settlement Class shall not be entitled to receive any benefits of the Settlement.

**11.** **Objections and Appearances.**  A Settlement Class Member who complies with the requirements of this paragraph may object to the Settlement, the Service Award Request, or the Fee Request.

No Settlement Class Member shall be heard, and no papers, briefs, pleadings, or other documents submitted by any Settlement Class Member shall be received and considered by the Court, unless the objection is (a) electronically filed with the Court by the Objection Deadline; or (b) mailed first-class postage prepaid to the Clerk of Court of the United States District Court for the Eastern District of Texas, Plaintiffs' Counsel, and Defendant's Counsel, at the addresses listed in the Notice, and postmarked by no later than the Objection Deadline Date, as specified in the Notice.  For an objection to be considered by the Court, the objection must also include:

      a.    the objector's full name, address, email address, and telephone number;

      b.    contain the Settlement Class Member's original signature;

      c.    the state that the Settlement Class Member objects to the Settlement, in whole or in part;

      d.    a statement of the legal and factual basis for the Objection; and

      e.    copies of any documents that the Settlement Class Member wishes to submit in support of his/her position.

Any Settlement Class Member who fails to comply with the provisions in this Paragraph waives and forfeits any and all rights he or she may have to object, and shall be bound by all the terms of the Settlement Agreement, this Order, and by all proceedings, orders, and judgments in this matter, including, but not limited to, the release in the Settlement Agreement if Final Judgment is entered.

      Any Settlement Class Member, including a Settlement Class Member who files and serves a written objection, as described above, may appear at the Final Approval Hearing, either in person or through counsel hired at the Settlement Class Member's expense, to object to or comment on the fairness, reasonableness, or adequacy of the Settlement, the Service Award Request, or the Fee Request.  If an objecting Settlement Class Member intends to appear at the Final Approval Hearing, either with or without counsel, he or she must also file a notice of appearance with the Court (as well as serve a copy on Class Counsel and Defendant's Counsel) by the Objection Deadline.  If the objecting Settlement Class Member intends to appear at the Final Approval Hearing through counsel, he or she must also identify the attorney(s) representing the objecting Settlement Class Member who will appear at the Final Approval Hearing and include the attorney(s) name, address, phone number, e-mail address, state bar(s) to which counsel is admitted, as well as associated state bar numbers.

If Final Judgment is entered, any Settlement Class Member who fails to object in the manner prescribed herein shall be deemed to have waived his or her objections and shall be forever barred from making any such objections in this action or in any other proceeding and from challenging or opposing, or seeking to reverse, vacate, or modify any approval of the Settlement Agreement, the Service Award Request, or the Fee Request.

**12.** **Claims Process and Distribution and Allocation Plan.** Settlement Class Representative and JPay have created a process for receiving, processing, and issuing payments to Settlement Class Members who submit a timely, valid claim form. JPay shall have twenty-five business days from the receipt of each timely-submitted and sworn to Claim Form to send a deficiency notice to the Class Members for any irregularities in the completed Claim Form, if applicable. The deficiency notice will provide the Class Members no more than twenty days from the mailing of the deficiency notice to email or postmark a written response to cure all deficiencies ("Deficiency Cure Deadline"). The failure of a Class Member to timely submit a Claim Form under penalty of perjury, or timely submit a response to any deficiency notice, shall invalidate a claim and will not be considered deficiencies subject to cure, unless counsel for both parties stipulate to allow cure.

The Court preliminarily approves the plan for remuneration described in the Settlement Agreement and directs that JPay and Class Counsel effectuate the distribution of settlement consideration according to the terms of the Settlement Agreement, should the Settlement be finally approved.

Settlement Class Members who qualify for and wish to submit a Claim Form shall do so in accordance with the requirements and procedures specified in the Notice and the Claim Form. If Final Judgment is entered, all Settlement Class Members who qualify for any benefit under the

Settlement but fail to submit a claim in accordance with the requirements and procedures specified in the Notice and the Claim Form shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions in the Settlement Agreement, the Release included in that Agreement, and the Final Judgment.

13. **Termination of Settlement.** This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if the Settlement is not finally approved by the Court or is terminated in accordance with the Settlement Agreement. In such event, the Settlement and Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose whatsoever.

14. **RIGHT TO RECISSION.** JPay shall retain the right, in the exercise of its sole discretion, to nullify the Settlement within thirty days of expiration of the Opt-Out Deadline Date, if ten percent or more of the Class Members opt out of the settlement. JPay's exercise of this shall be in accordance with, and subject to, the terms and procedures set forth in paragraphs 24 and 25 of the Settlement Agreement.

15. **Use of Order.** This Order shall be of no force or effect if Final Judgment is not entered or there is no Effective Date and shall not be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, liability, or the certifiability of any class. Nor shall this Order be construed or used as an admission, concession, or declaration by or against the Settlement Class Representative or any other Settlement Class Member that his or her claim lacks merit or that the relief requested is

inappropriate, improper, unavailable, or as a waiver by any Party of any defense or claim he, she, or it may have in this litigation or in any other lawsuit.

16. **Stay of Proceedings.** Except as necessary to effectuate this Order, all proceedings and deadlines in this matter are stayed and suspended pending the Final Approval Hearing and issuance of the Final Judgment, or until further order of this Court.

The AAA arbitration No. 01-15-0005-8277, entitled In the Matter of the Arbitration between Oumer Salim, *et al.*, and JPay is hereby stayed pending the final disposition of this matter. Upon Final Judgment being entered, those proceedings shall be considered dismissed with prejudice.

17. **Continuance of Hearing.** The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Class.

18. **Summary of Deadlines.** The preliminarily approved Settlement shall be administered according to its terms pending the Final Approval Hearing. Deadlines arising under the Settlement Agreement and this Order include but are not limited to:

**Notice Deadline:** 35 business days after Preliminary Approval

**Motion for Final Approval:** 21 days before Opt-Out Deadline

**Opt-Out and Objection Deadlines:** 30 days after Notice is sent

**Replies in Support of Final Approval, Service Awards and Fee Requests:** 10 days before Final Approval Hearing

**Claims Deadline:** 30 days after Notice Deadline

**Final Approval Hearing:** 180 days after Notice is issued

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.; Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**IT IS SO ORDERED.**

**SIGNED this 25th day of March, 2019.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE